A. Clifford Edwards
John W. Edwards
EDWARDS, FRICKLE & CULVER
1648 Poly Drive, Suite 206
Billings, Montana  59102
Telephone:  (406) 256-8155
Facsimile:    (406) 256-8159

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

| | |
|---|---|
| EDWARD SIVILS and CIDRE SIVILS,<br><br>Plaintiff,<br><br>vs.<br><br>KYOTOCOOLING B.V., BITZER US INC., AIR ENTERPRISES, and DOES I-IV<br><br>Defendants. | Cause No.<br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW, Edward Sivils, by and through his counsel of record, and for its complaint against Defendants KyotoCooling B.V. ("Kyotocooling"), Bitzer US Inc., and Air Enterprises states and alleges as follows:

## JURISDICTION

1. At all times relevant to this action, Edwards Sivils and his family are residents of Lewis and Clark County in East Helena, Montana.

2. At all times relevant to this action, Defendant KyotoCooling, a Netherlands based manufacturer of air conditioning systems, did business in the United States but maintained offices in the Netherlands located at P.O. Box 2506, 3800 GB Amersfoort, The Netherlands, and is not a resident of Montana.

3. At all times relevant to this action Defendant, Bitzer US Inc., manufactured component parts for KyotoCooling, and is located in Flowery Branch, Georgia, and is not a resident of Montana.

4. At all times relevant to this action, Defendant Air Enterprises, is the current manufacturer of KyotoCooling systems in North America exclusively. Air Enterprises is located in Akron, Ohio, and is not a resident of Montana.

5. The amount in controversy, without interest and costs, exceeds the $75,000.00 sum or value specified by 28 U.S.C. § 1332 for purposes of diversity jurisdiction.

6. Consequently, there is federal jurisdiction based upon diversity of citizenship.

## VENUE

7.     Venue of this action is proper in the Helena Division of the United States District Court for the District of Montana, since the serious personal injury took place in Montana, as well as the faulty product was delivered in its faulty condition in Montana, put into service in Montana, and/or negligently engineered or installed in Montana for the State of Montana.

## FACTS COMMON TO ALL CLAIMS

8.     At all times relevant, Defendant KyotoCooling, was engaged in the business of manufacturing, marketing, selling, and installing its cooling systems around the world to include the United States and specifically Montana.

9.     At all times relevant, upon information and belief, Defendant, Bitzer US Inc., manufactured the compressor and/or component parts for the KyotoCooling system installed in Montana, and is in the business of manufacturing, marketing, installing, and selling, refrigeration or air conditioning system components worldwide, to include Montana.

10.     Defendant, Air Enterprises, is now the exclusive manufacturer of KyotoCooling systems in North America.

11.     The true names and capacities of DOES I-IV are unknown to the Plaintiffs, who therefore sue said Defendants under these fictitious names.  On information and belief, Defendant DOES I-IV, inclusive, (i) directly participated in

or assisted in the performance of the wrongful acts and omissions described herein, although the full extent of their involvement is unknown at this time, OR (ii) conspired with the named parties in this case to perform the wrongful acts and omissions described below, although the full extent of their involvement is unknown at this time, OR (iii) acted as principals or agents, actual or ostensible, of other named parties in this case in performing the wrongful acts and omissions described below, although the full extent of their involvement is unknown at this time. Plaintiff thus believes that Defendant DOES I-IV, inclusive, are liable for the damages and other relief sought in this case as participants, co-conspirators, principals or agents, or are otherwise necessary or indispensable parties to adjudication of the issues involved in this case. When the true names and capacities of DOES I-IV, inclusive, have been ascertained, appropriate amendments of this Claim will be filed.

12. Plaintiff is further informed, believes and thereon alleges that at all times herein mentioned all Defendants, including DOES I-IV, inclusive, (i) jointly perpetrated the acts described herein with their Co-Defendants, (ii) were the successors in interest to, or agents, principals, partners, joint venturers, or co-conspirators of their Co-Defendants in doing the things herein alleged and were acting within the scope and authority or in furtherance of a common scheme or design with the knowledge, permission, consent or ratification of their Co-

Defendants in doing the things herein alleged and therefore are liable, jointly and severally, for all damages and other relief or remedies sought by Plaintiffs in this action.

13. On or about 2010, the State of Montana contracted with KyotoCooling to provide the air cooling system for the State of Montana's Data Center.

14. KyotoCooling is purported to be one of the leading companies in the world to provide Data Center cooling technology to the entire industry. KyotoCooling has patented air cooling designs that are to be installed in and around large computer data systems in order to manage temperatures of large computer systems.

15. On April 5th, 2011, Edwards Sivils, in his duties as manager of the State of Montana's data center, was exposed to and came into contact with harmful chemicals because of improper design and/or failure of the KyotoCooling unit and one of its component parts.

16. At approximately 8:13 a.m. on April 5, the fire alarm sounded in the State of Montana Data Center due to a major power failure.

17. As manager, Mr. Sivils went to investigate the fire alarm and the situation.

18. Upon entering the raised floor area, where the monitors indicated the fire was present, Mr. Sivils noticed what appeared to be a steam discharge or vapor in the room. Assuming it was steam and it would not be harmful, Mr. Sivils and two others, Mr. Naccarato, and Ron Kosenia, proceeded into the room to further investigate. Upon reaching the Unit, KyotoCooling wheel #3, which had triggered the alarm, Mr. Sivils came into contact with the perceived steam; immediately upon contact, he knew that this was not steam and that he had come into contact with some gaseous chemical mixture.

19. Upon recognizing this was an unknown chemical compound, Mr. Sivils immediately told the two other employees to evacuate the room and leave the area.

20. Unbeknownst to Mr. Sivils, the compound he encountered was a mixture of lubricant oil, refrigerant agent, and the fire suppressant FM-200. This fire suppression agent is used for fire suppression in major data centers, like the State of Montana's, it is a chemical agent that starves the fire of oxygen in order to extinguish the fire without using water or other liquids that may potentially damage the computers in the data center.

21. Instantly upon contact, Mr. Sivils felt tightness, and racing of the heart. His breathing became rapid which he first felt may have been the adrenaline of the alarms and resulting situation, but the immediate symptoms did not go away.

22. Mr. Sivils was then taken to the emergency room for examination. Mr. Sivils' suffered a toxic exposure. His injuries include continuous fatigue, cough, and runny nose, along with extremely high sensitivity to smells, such as fragrance and perfumes as well as other chemical smells that he faces on a day to day basis. These symptoms leave him with frustration, and the inability to enjoy everyday things with his family to include movies at the theatre and confined gymnasiums or other events or circumstances in which he is subject to smells because of his sensitivities and irritation.

23. On information and belief obtained in the post-accident investigation, it was found that a gasket or mechanism, manufactured by Bitzer US Inc., within the KyotoCooling #3 wheel compressor unit failed or ruptured allowing a discharge of oil and the refrigerant coolant into the area.

24. Once the fire suppression system recognized the mist or vapor from the failure, it discharged the chemical FM–200 to suppress what the system thought was a fire.

25. The combination of the oil, refrigerant coolant, and FM-200 created the toxic, gaseous mixture which Mr. Sivils inhaled and caused him injuries.

## COUNT ONE (NEGLIGENCE)

Plaintiff re-alleges and incorporates herein by reference the allegations of the preceding paragraphs as set forth in full, and further allege as follows:

26. Defendants owed a duty of care to Plaintiff to use reasonable care in connection with the design, development, testing, inspecting manufacturing, selection of materials for, assembly, distribution, sale, servicing, maintenance, and continued safe operation of its compressor unit and related components installed with the KyotoCooling Unit in the State of Montana's data center that failed and injured Mr. Sivils.

27. Defendants owed a duty of care in the installation, design, and construction of its cooling system that incorporated Bitzer US Inc. component parts.

28. Defendants breached their duty of care when the product failed and exposed Plaintiff to toxic chemicals.

29. As a result of the negligence of the Defendants, Edward Sivils suffered severe and permanent injuries set forth above.

### COUNT TWO (PRODUCT LIABILITY

Plaintiff re-alleges and incorporates herein by reference the allegations of the preceding paragraphs as set forth in full, and further allege as follows:

30. At all times relevant hereto, Defendants were in the business of designing, developing, manufacturing, testing, servicing, distributing, assembling, supplying and selling air cooling systems, and/or air cooling systems component parts, and providing product installation, support, and product support material.

31.     At all times relevant hereto, the air cooling system was being used and operated in its designed capacity and purposes in which it was manufactured, designed, developed, assembled, tested, serviced, distributed, sold, and intended to be used, all in a manner foreseeable to the Defendants.

32.     At all times relevant hereto, the air cooling unit and/or its component parts were defective in design and/or manufacture, were defective for lack of warnings and instructions, and were in an unreasonably dangerous and unsafe condition, which is a factual cause of Mr. Sivils' injuries.

33.     As a result of the Defendants' violation of §402A of the Restatement (second) of Torts, Edward Sivils has suffered severe and permanent injuries.

## COUNT THREE (LOSS OF CONSORTIUM)

Plaintiff re-alleges and incorporates herein by reference the allegations of the preceding paragraphs as set forth in full, and further allege as follows:

34.     Plaintiff, as a result of the wrongful acts and/or omissions of the Defendants, as stated above, have suffered and will continue to suffer loss of consortium as the claim is defined under Montana Law, and are entitled to recover all damages available under Montana Law from Defendants.

**WHEREFORE**, Plaintiff prays judgment against Defendants for all damages to which they are entitled to under Montana law in such categories and in such amounts as will be furnished to Defendants in accordance with applicable

Montana law and/or the Federal Rules of Civil Procedure, or by amendment, or proof at trial.  In addition, Plaintiff is entitled to substantial punitive or exemplary damages because of the character of Defendants' wrongful acts and/or omissions.  Plaintiff leaves the precise damages as are just and proper to Plaintiff's trial jury as that jury judges all facts and circumstances presented.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demand trial by jury.

DATED this 3rd day of April, 2014.

EDWARDS, FRICKLE & CULVER

___/s/ John W. Edwards_____
John W. Edwards
Attorneys for Plaintiffs